Michael C.  Shaw, # 014044
Michael C. Shaw, P.L.L.C.
401 West Baseline Road
Suite 210
Tempe, Arizona 85283
Office:  (480) 921-7545
E-mail: mcareyshaw@yahoo.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| _____ ) | |
| **Rudy Trujillo,** an individual, ) | No. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | (Jury Trial Demanded) |
| **Experian Information Solutions, ) Inc.,** an Ohio corporation; ) **Trans  Union, L.L.C.,** a Delaware ) limited liability company; and ) **Equifax Information Services**, ) **LLC,** a Georgia limited liability ) company, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Upon information and belief, and in good faith, Plaintiff, Rudy Trujillo, alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*. Plaintiff seeks an award of statutory damages, actual damages, punitive damages, costs and attorney's fees.

### Jurisdiction

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. §§

1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

**Parties**

3. Plaintiff Rudy Trujillo is a resident and citizen of the State of Arizona. Plaintiff is a "consumer" as defined by FCRA § 1681a©) of the FCRA.

4. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation registered to do business in Arizona, with its principal place of business located at 505 City Parkway West, Orange, California 92686.

5. Experian is both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

6. Defendant Trans Union, LLC ("T.U.") is a Delaware corporation registered to do business in Arizona, with its principal place of business located at 555 W. Adams, Chicago, IL.60661.

7. T.U. is a both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

8. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia corporation registered to do business in Arizona, with its principal place of business located at 1550 Peachtree St. NW, Atlanta, GA. 30309.

9. Equifax is both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

**Factual Allegations**

10. In or about July of 2005, Plaintiff noted that all three of his credit bureau profiles (Equifax, Experian and Trans Union) were reporting that he had an outstanding lien due and owing to the Internal Revenue Service. (Hereinafter the I.R.S.)

11. Plaintiff contacted the I.R.S. and it was explained to him, if he merely examined a copy of the lien itself, he would note that it states "...unless notice of lien is refiled by the date in column (e), this notice shall constitute the certificate of release of lien as defined in IRC 6325(a). It was pointed out that since the date in column (e) was shown to be 02/22/2005, and the I.R.S. had not refiled the lien by that date, the lien itself now constitutes "the certificate of release" as it plainly states, on the document itself.

12. Armed with nothing more than common sense, the Plaintiff, shortly thereafter, disputed that entry with Equifax, Experian and Trans Union explaining, via letter that it must not be reported as an outstanding because it had not been refiled by the I.R.S. by 02/22/2005.

13. In response to Plaintiff's dispute, not only did Equifax, Experian and Trans Union verify that it was correctly being reported as outstanding lien owed to the I.R.S., but, Experian reported a second lien owed to the I.R.S., complete with a second balance owing.

14. On three additional occasions, Plaintiff disputed the entries appearing on his credit profiles from Equifax, Experian and Trans Union reflecting that he had an outstanding lien owing the I.R.S., included copies of numerous relevant documents, including the lien itself, only to have the three credit bureaus respond by maintaining that the balance owing the I.R.S. was being reported accurately.

15. As a direct result and proximate cause of Experian's continued reporting of erroneous and adverse information on Plaintiff's credit bureau, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, and loss of opportunity.

16. As a direct result and proximate cause of T.U.'s continued reporting of erroneous and adverse information on Plaintiff's credit bureau, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, and loss of

opportunity.

17. As a direct result and proximate cause of Equifax's continued reporting of erroneous and adverse information on Plaintiff's credit bureau, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, and loss of opportunity.

**Causes of Action**

**Fair Credit Reporting Act**

18. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

19. Experian failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681s-2(b).

20. As a result of Experian's actions, Plaintiff has been damaged.

21. Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681*o*, the costs of the action together with reasonable attorneys' fees.

22. As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

23. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than

$1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

24. As a result of Experian's willful failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

25. T.U. failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

26. T.U. failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which it compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluation.

27. T.U. has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff and subscribers that such information was inaccurate.

28. T.U. has willfully, or alternatively, negligently, violated FCRA § 1681e(b), on multiple occasions.

29. As a result of T.U.'s actions, Plaintiff has been damaged.

30. Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that

consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681*o*, the costs of the action together with reasonable attorneys' fees.

31. As a result of T.U.'s negligent failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

32. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

33. As a result of T.U.'s willful failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

34. Equifax failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

35. Equifax failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which it compiled, used and manipulated, in order to prepare

consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluation.

36. Equifax has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff and subscribers that such information was inaccurate.

37. Equifax has willfully, or alternatively, negligently, violated FCRA § 1681e(b), on multiple occasions.

38. As a result of Equifax's actions, Plaintiff has been damaged.

39. Pursuant to FCRA § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

40. As a result of Equifax's negligent failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

41. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the

case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

42. As a result of Equifax's willful failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues so triable.

**Prayer for Relief**

WHEREFORE, Plaintiff requests that judgment be entered against each Defendant for:

a) Actual damages in an amount to be shown at trial;

b) Statutory damages pursuant to FCRA § 1681n;

c) Punitive damages pursuant to FCRA § 1681n;

d) Costs and reasonable attorney's fees; and

e) Such other relief as may be just and proper.

DATED    January 19, 2006    .

**MICHAEL C. SHAW, P.L.L.C.**


  s/ Michael C. Shaw
Michael C. Shaw, # 014044
401 West Baseline Road
Suite 210
Tempe, Arizona 85283
Office:  (480) 921-7545
E-mail: mcareyshaw@yahoo.com
Attorney for Plaintiff